. JOSEPH' ADAMS EXR. *v.* TERESA MURRAY, &c.

**Interest—Payment of Fund to Clerk Without an Order of Court.**

The deposit with the clerk of a fund owing, and part of which had been attached, without an order of court, will not stop ·the running of interest thereon, as to that part outside of amount attached.

**Bills and Notes—Deposit of Amount Due With Clerk.**

The deposit of amount due on a note, with the clerk, without an order of the court, is not a legal payment so as to amount to a discharge of liability thereon.

**Same.**

The obligor in a note, who voluntarily makes such a deposit, assumes all responsibility therefor, and cannot look to the court, for aid, though the court permitted the order reciting the fact that the funds were placed in the hands of the clerk, to be filed.

**Payment of Money to The Clerk of Court.**

The deposit of money, due on an obligation, to the clerk without an order of court, is not a payment pro tanto of the amount, but subject to such adjustment as may thereafter be made by the termination of the suit.

APPEAL FROM MEADE 'CIRCUIT COURT.

April 16, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

On the 21st day of February, 1859, Teresa Murray, with J. R. Murray as her surety, executed to Joseph Adams their note for five hundred dollars, due on ·or before the 1st day of August, 1861, which was part of the unpaid price of a tract of land sold and conveyed to Teresa Murray's trustee by Adams, and as a further security for the payment of said debt a lien is expressly reversed in the deed on the land.

Joseph Adams having died testate, this action in equity was brought by Benedict J. Adams, his executor, on the 10th of October, 1865, against the obligors in said note, to coerce the payment thereof by an enforcement of the vendor's lien on the land.

As a defense, the Murrays plead, that Peter King and others, by a suit in the Mead circuit court against Adams' testator, and others, attached this debt owing by them in their hands, as a debt in fact due to one Osborne, who, as is alleged, was the real owner of the land when it was sold by Adams to them, and had fraudulently placed the title in said Adams to evade the payment of his debts, and specially a debt for which he was co-security with them, a part of which they had paid; and sought to subject the debt owing by said Murrays, or so much thereof as might be required therefor, to the payment of said Osborne's *pro rata* of the amount paid by them, and for that purpose had attached this debt in their hands; that after the attachment was served upon them, they went into court on the 29th of April, 1861, and paid to the clerk under the order of said court the sum of $500.00 (five hundred dollars), and took the receipt of the clerk therefor, which they file with their answer, and rely on said deposit of the money as a payment *pro tanto* of the debt.

In an amended answer, made a cross-petition, they allege that said payment was made to the clerk, when the attachment against Osborne was in full force; that the note was in fact the property of Osborne; that said action of King, &c. v. Osborn & others, was still pending; and in order to settle the rights of the parties, and to ascertain to whom the money should be paid, they make Adams' executor, King and others defendants, and pray that they be compelled to interplead, and that the several conflicting claims be finally settled.

On final hearing the court below adjudged that the defendants in the court, now appellees, should have a credit on the note sued on of $330.80 paid 29th April, 1861. And that the receiver Richardson pay over to plaintiff the money in his hands, leaving a balance of $87.37 in his hands, which was adjudged to plaintiff, and for which a personal judgment was rendered in his favor, with interest from the 4th of November, 1867, the date of the judgment. And if the admr. of Fairleigh the late clerk and receiver shall be adjudged to pay interest on the $500 paid over to his intestate, the plaintiff will be entitled to the interest on $330 of that sum, and defendants to the interest on the residue.

From this judgment Adams has appealed.

It is proper to observe that there does not seem to be any order of court for the payment of $500 into court made by appellees.

But the order is that Murray by leave of court deposited with the clerk in court the sum of $500 to answer the purpose of such judgment and order as may be rendered in the cause of King, &c. v. Osborne, the money being attached in the hands of Murray, trustee, as part of the amount due and owing by said trustee to the defendant Joseph Adams on account of a tract of land purchased by said trustee of said Adams, which deposit is made by said Joseph R. Murray, for the purpose of preventing interest from running on his notes to said Adams to that extent, for which sum so deposited the clerk of this court passed his receipt to said trustee.

The amount attached as appears from the order of attachment was only $330.00, so that if the court had ordered the money to be paid into court, it is not probable that the order would have been for more than this sum named. The payment of the money to the clerk, by Murray, was his own voluntary act, the court only permitting the order reciting the fact of the placing the money in the hands to be made; but never took charge of the money, or doubtless a receiver for the purpose would have been apointed, and be required to give surety. The order recites that the money was deposited by the trustee with the clerk, *to prevent the running of interest,* and could not possibly release him from the payment of any greater sum than was attached in his hand; the residue of the note he could have safely paid to the obligee or his executor. He therefore took the risk in making the deposit with the clerk.

It is not alleged in the pleadings of appellant, nor proved, that the attachment is discharged, or that any disposition had been made of the suit; but in the cross-petition it is expressly charged that the suit was pending and the parties therein invited to litigate, and settle to whom the amount attached should be paid. In the absence, therefore, of any showing that the question of right to the $330 had been adjudicated, and settled, this court cannot say that the court below erred in giving credit to appellees for that sum. But for the residue of the $500 note, and interest on the whole sum up to the service of the attachment, and then with interest on the balance from the date of the attachment, appellant manifected a right to a judgment, and a lien on the land for which the note was given for its payment, and he was not bound to look to the clerk for the payment of the same.

Wherefore, the judgment is reversed, and the cause is

remanded, with directions to render judgment for the amount herein stated, and for further proceedings consistent with this opinion. Murray, &c., will be entitled to receive the money in the hands of the administrator of the clerk to whom it was paid.

*Walker,* for appellant.

*Cofer,* for appellees.